S. EDMOND EL DABE (SBN 215042)
eldabe@erlawyers.com
JESSICA L. CASTRO (SBN 300827)
castro@erlawyers.com
ElDabe | Ritter Trial Lawyers
1150 South Olive Street, Suite 1300
Los Angeles, California 90015
Tel:  (213) 985-1120
Fax: (213) 985-1125
Email address for service:  service@erlawyers.com

Attorneys for Plaintiff
BHAGAT THIND

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHAGAT THIND,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES GENERAL SERVICES ADMINISTRATION; FAIR TITLING TRUST, a statutory trust; FAIR MOBILITY SERVICES, LLC, a limited liability company; and MIGUEL ANGEL PEREZ, JR.<br><br>Defendants. | CASE NO. 2:22-cv-00976<br><br><br>**COMPLAINT FOR NEGLIGENCE (MOTOR VEHICLE)**<br><br>**[Brought under Federal Tort Claims Act, 28 U.S.C. §2671, et seq.]** |

Plaintiff alleges:

I.      <u>**Jurisdiction**</u>

1.      The above-entitled Court has jurisdiction pursuant to 28 U.S.C. section 1346(b)(1), in that this action against an agency of the United States seeks money

damages for personal injury caused by the negligent or wrongful acts and/or omissions of employees of defendant UNITED STATES GENERAL SERVICES ADMINISTRATION ("USGSA").

2.      This action is brought pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.).

**II.      <u>Venue and Parties</u>**

3.      The motor vehicle collision giving rise to this action occurred on February 28, 2020 at or adjacent to the intersection of 6th Street and Kenmore Avenue in the City of Los Angeles, County of Los Angeles, State of California, within the jurisdiction of the Western Division of the United States District Court for the Central District of California.

4.      Plaintiff BHAGAT THIND ("THIND") is and at all relevant times was a resident of the City of Los Angeles, County of Los Angeles, State of California.

5.      Plaintiff is informed and believes and based thereon alleges that defendant UNITED STATES GENERAL SERVICES ADMINISTRATION ("USGSA") is an agency of the UNITED STATES government.

6.      Plaintiff is informed and believes and based thereon alleges that, at all relevant times, defendant FAIR TITLING TRUST ("FAIR TITLING") was a statutory trust organized and existing under the laws of the state of Delaware, and engaged in the business of leasing vehicles to be subleased in California, among other places.

7.      Plaintiff is informed and believes and based thereon alleges that, at all relevant times, defendant FAIR MOBILITY SERVICES, LLC ("FAIR MOBILITY") was a limited liability company organized and existing under the laws of the state of Delaware, and engaged in the business of subleaseing and/or entrusting vehicles in California and elsewhere which FAIR MOBILITY had leased from FAIR TITLING.

8.      Plaintiff is informed and believes and based thereon alleges that, at all relevant times, defendant MIGUEL ANGEL PEREZ, JR. ("PEREZ") was a resident

1    of the City of Bellflower, County of Los Angeles, State of California.

2         9.    Plaintiff is informed and believes and based upon such information and

3    belief alleges that each defendant was the agent, servant, representative, alter ego

4    and/or employee of each other defendant and, as such, was acting within the course

5    and scope of such agency, hiring, employment and/or common interest, with the

6    permission, consent and/or ratification of each other defendant in committing the acts

7    and omissions herein alleged.

8    **III.    Administrative Claim**

9         10.    On or about August 10, 2020, plaintiff submitted an administrative claim

10   utilizing United States Standard Form 95 to defendant USGSA, asserting the claim

11   set forth in this Complaint.  On August 27, 2020, defendant USGSA acknowledged

12   receipt of the claim.  As of the date of filing this Complaint, defendant USGSA has

13   not agreed to make any payment on the claim; nor has it denied the claim.

14   Accordingly, plaintiff has complied with the procedural requirements for timely

15   asserting a claim against an agency of the United States.

16   **IV.    The Vehicles**

17        11.    ***The Civic***.  At all relevant times, plaintiff was the owner and driver of a

18   certain Honda Civic (the "Civic") involved in the Incident hereinbelow described.

19        12.    ***The Elantra***.  Plaintiff is informed and believes and based thereon

20   alleges that, at all relevant times, defendant USGSA (or another agency of the

21   UNITED STATES) was the owner of a certain Hyundai Elantra (the "Elantra")

22   involved in the Incident, whose employee was driving the Elantra within the course

23   and scope of employment by USGSA.

24        13.    ***The Jetta***.  Plaintiff is informed and believes and based thereon alleges

25   that at all relevant times defendant FAIR TITLING was the registered owner and

26   lessor of a certain Volkswagen Jetta ("Jetta"), which it had leased to defendant FAIR

27   MOBILITY, who in turn had subleased or entrusted such Jetta to defendant PEREZ

28   prior to the Incident, or that defendant FAIR MOBILITY had subleased or entrusted

the Jetta to defendants DOES to 10, who in turn entrusted it to defendant PEREZ.

## V.   The Incident

14.   On February 28, 2020 at approximately 9:00 p.m., plaintiff was driving the Civic westbound on 6th Street, having stopped for a red light at the intersection of 6th Street and Kenmore Avenue in Los Angeles, California, with defendant PEREZ driving the Jetta in the same direction immediately behind plaintiff, and with defendant USGSA's employee driving the Elantra behind the Jetta, in the course and scope of his employment by USGSA.

15.   Plaintiff is informed and believes and based thereon alleges that, at such time and place, defendant USGSA's employee so negligently operated the Elantra, including but not limited to driving too fast for prevailing conditions (violating California Vehicle Code § 22350), following too closely (violating § 21703) and failing to maintain a proper lookout, all of which caused the Elantra to crash and collide into the rear of the Jetta driven by defendant PEREZ, who, in a negligent fashion, was following too closely behind plaintiff's Civic, and which propelled and pushed the Jetta forward to crash into the Civic, causing serious injuries to plaintiff which have required and continue to require medical treatment, and the damages alleged in this Complaint.

### FIRST CLAIM FOR RELIEF
### By Plaintiff BHAGAT THIND
### Against Defendants USGSA, FAIR TITLING, FAIR
### MOBILITY and PEREZ
### For Negligence (Motor Vehicle)

16.   Plaintiff incorporates by reference and repleads all allegations found in each paragraph set forth above, as though fully set forth in this paragraph.

17.   Plaintiff is informed and believes and based thereon alleges that defendants, and each of them, so negligently operated, drove, entrusted, managed, and/or maintained their vehicles so as to cause the Elantra to crash and collide into the

- 4 -
COMPLAINT

rear of the Jetta, and the Jetta to crash and collide into the rear of plaintiff's Civic, causing injuries and damages to plaintiff as alleged in this Complaint.

18.     Plaintiff is informed and believes and based thereon alleges that the negligent acts and omissions of defendants alleged in this cause of action were a substantial factor in causing the Incident, and in causing injury to plaintiff and the damages alleged in this Complaint.

19.     As a direct and proximate result of the negligence of defendants, plaintiff has sustained and continues to sustain the following items of *economic* damage, in an amount that is yet to be ascertained:  medical expenses, loss of earnings, and incidental expenses.

20.     As a direct and proximate result of the negligent acts and omissions of defendant, plaintiff has sustained and continues to sustain the following items of *noneconomic* damage, in an amount that is to be yet to be ascertained:  pain, suffering, loss of enjoyment of life, loss of earning capacity, and other intangible losses.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment as follows:

1.     For past and future medical expenses, in an amount that is yet to be ascertained;

2.     For past and future loss of earnings in an amount that is yet to be ascertained;

3.     For past and future incidental expenses, in an amount that is yet to be ascertained;

4.     For noneconomic damages including but not limited to pain, suffering, emotional distress, loss of enjoyment of life and other intangible losses, in an amount that is yet to be ascertained;

5.     For costs of suit incurred herein;

COMPLAINT

6.   For prejudgment interest allowable by law.

7.   For such other and further relief as the Court may deem just and proper.

DATED:  February 10, 2022        S. EDMOND EL DABE
                                 JESSICA L. CASTRO
                                 ELDABE | RITTER TRIAL LAWYERS


By:   _____
                                 S. EDMOND EL DABE
                                 Attorneys for Plaintiff
                                 BHAGAT THIND

- 6 -
COMPLAINT